**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KATHLEEN HILLEY, Individually, on behalf
of her minor son, CHRISTIAN CHO,

       Plaintiffs,

      vs.                                                Case No. 10CV00325 WJ/WDS

WALGREEN COMPANY,

       Defendant.

**MEMORANDUM OPINION AND ORDER DEFERRING RULING ON MOTION TO REMAND PENDING STIPULATION BY PARTIES**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand, filed April 23, 2010 **(Doc. 11)**. The Complaint in this case alleges negligence in the dispensing of prescription drugs, and was originally filed in the Second Judicial District Court of Bernalillo County.  Defendant ("Walgreen's") removed the case to federal court on April 7, 2010.  The Court is persuaded that removal to federal court is proper based on the jurisdictional facts, but will defer ruling on the motion for reasons given below.

**Background**

In August, 2008, a prescription for Flumadine was written by a medical doctor for Christian Cho ("Christian"), who is a minor and an asthmatic.  Flumadine is an antiviral drug which was prescribed for Christian because of previous problems he had with such illness.  The prescription was presented at a Walgreen's store in Albuquerque, New Mexico.  According to the Complaint, the prescription was scanned into the system and negligently entered as Flecainide, which is a dangerous anti-arrhythmic drug used in severe cardiac cases, is not used

for viral infection, and is not to be prescribed for minors.  The Complaint asserts that because the medication name beyond the initial letters "Fl" was not clear on the scanned copy, it should have been – but was not – questioned by Walgreen pharmacists and technicians.  The prescription was refilled through an automatic refill system in October 2008.  In late October, Christian's mother contacted Walgreen's to inform them that the drug was wrongly prescribed, and states that her son experienced weakness, dizziness, insomnia, inability to raise his heart rate above 60 beats per minute while taking the medication.  Plaintiffs allege that the unknown side effects and future effects of a drug which should not have been prescribed for Christian has presented a "lifetime of worry and concerns" for him.  Compl., ¶ 18.  Plaintiffs seek compensatory as well as punitive damages.

**Discussion**

**I.**     **Legal Standard**

Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000 (28 U.S.C. § 1332).  In seeking removal the removing party has the burden of proving both of these elements. *Huffman v. Saul Holdings, Ltd. P'ship,* 194 F.3d 1072 (10th Cir. 1999). When analyzing a removal based on diversity jurisdiction, the amount in controversy "is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted).  "Where neither document suffices, the court may also consider other relevant materials in the record." *Hanna v. Wagner*, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001) (citing *Varela v. Wal-Mart Stores, East, Inc*., 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000)).  Where a state court complaint does not identify a specific amount that the plaintiff seeks to recover, as is the case here, defendant seeking removal

has the burden to prove jurisdictional facts by a "'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.,* 529 F.3d 947 (10th Cir. 2008).  In determining whether there is an adequate amount in controversy, a court may consider materials such as "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Hanna*, 163 F.Supp.2d at 1306.

When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiff must show "that it does not appear to a legal certainty that they cannot recover" the jurisdiction amount. *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003); *but see Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than the jurisdictional amount) (citing *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir.1994)). Thus, in this case, once Defendant satisfies the general burden of establishing federal jurisdiction, Plaintiffs have the burden of showing that it is a legal certainty that they cannot recover $75,000.00 in order to avoid removal.  The legal certainty standard is very strict, and as a result, it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied.  *Woodmen*, 342 F.3d at 1217.

**II.**   **Analysis**

The Notice of Removal states that subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 based on diversity of citizenship and an amount in controversy which exceeds the sum of

$75,000.00.  Defendant hopes to establish the requisite amount in controversy based on Exhibit B, which is attached to the Notice of Removal, and which is a copy of a demand letter from Plaintiffs which seeks a sum of $750,000.00 from Defendant.

Plaintiffs contend that a "naked demand" for a sum of money to settle is insufficient to establish an amount in controversy for federal jurisdiction, and that, without more, the case should be remanded to state court.  However, Tenth Circuit precedent says otherwise.  A plaintiff's proposed settlement amount is "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail v. Deere & Co.*,529 F.3d 947, 954 (10th Cir. 2008) (citing *Cohn v. Petsmart, Inc*, 281 F.3d 837, 840 (9th Cir. 2002)).  "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *Id*. (relying on *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir.2006) (Easterbrook, J.))

I am persuaded that Defendant has shown that the requisite amount in controversy has been asserted and that federal jurisdiction exists.  Plaintiffs seek compensatory damages for the physical difficulties experienced by Christian which they believe have resulted from the Walgreen's filling of the wrong prescription and by Walgreen's failure to adequately supervise its pharmacy staff.  Plaintiffs seek damages for the "lifetime of concern" about the future effects of Flecainide.  Ex. B (Doc. 1-2). Plaintiffs seek costs stemming from the alleged negligent conduct of Defendant, as well as punitive damages.  By Plaintiffs' own informal estimates, the claim may be settled for $750,000.00 — *ten* times the jurisdictional amount.  Defendants have established, by a preponderance of the evidence, the underlying facts which are sufficient to confer federal jurisdiction in this action.  Thus, Defendant is entitled to stay in federal court

unless it is "legally certain" that less than $75,000.00 is at stake. *McPhail*, 529 F.3d at 954.

In light of the jurisdictional facts shown by Defendants, Plaintiffs would be hard put to show that they cannot recover $75,000.00 by a legal certainty.[1] Plaintiffs do not back away from the amount of damages which they claim, nor do they come forth with any evidence or argument which would show that they cannot recover $75,000.00. Instead, they simply contend that Defendant has not presented sufficient evidence of an amount in controversy based solely on the proposed settlement amount. This is not enough to successfully challenge removal of this action to federal court. There is a strong presumption favoring the amount alleged by the plaintiff. *See Adams*, 225 F.3d at 1183 (noting that amount alleged in the complaint can alone be sufficient to satisfy showing that it is not legally certain the amount is less than the jurisdictional requirement).

## Conclusion

Defendant has proven jurisdictional facts by a preponderance of the evidence, such that the amount in controversy in this case may exceed $75,000. However, the Court will defer final ruling on Plaintiffs' motion and allow Plaintiffs an opportunity to avoid removal by stipulating (1) that Plaintiffs will not seek more than $75,000.00; (2) that Plaintiffs will not accept more than $75,000.00 and (3) that both parties stipulate to a $75,000.00 damages limitation.[2] The

---

[1] The Court notes that even if Defendant had the burden of showing that it is not a legal certainty that Plaintiffs' claim is less than the jurisdictional amount (following *Adams v. Reliance Standard Life Ins. Co.*), Defendant would meet this burden with the jurisdictional facts that have been established).

[2] In *Varela v. Wal-Mart Stores, East, Inc*., 86 F.Supp.2d 1109 (D.N.M.,2000), the court recognized that it could not force a plaintiff to cap requested damages and declined "to draw any negative inference from her refusal to stipulate to a cap on damages *in the absence of any proof that her claims exceed the required amount in controversy." Id.* at 1112 (emphasis added). However, unlike the plaintiff in *Varela*, there *is* proof in this case that Plaintiffs very clearly

Court will allow Plaintiffs fifteen (15) days from entry of this Order in which to formally present such stipulation to the Court.  If such stipulation is not filed within the fifteen days, the Court will assume that Plaintiffs are adhering to their previous representations regarding the value of their case, and the Court will enter an Order denying Plaintiff's motion to remand.[3]

**THEREFORE,**

**IT IS ORDERED** that the Court's ruling on Plaintiffs' Motion to Remand (**Doc. 11**) is hereby DEFERRED for fifteen (15) days from entry of this Memorandum Opinion and Order.  If no stipulation as to damages is filed within fifteen (15) days of the entry of this Memorandum Opinion and Order, then Plaintiffs' Motion to Remand will be automatically denied as of the expiration of the fifteen days, and the Court shall retain this case on its docket based on diversity jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

---

considers their case to be worth *ten times* the jurisdictional amount.  The Court cannot force Plaintiffs to stipulate to a cap, but at the same time, any refusal by Plaintiffs to stipulate to a less-than-jurisdictional-amount must be taken to mean that Plaintiffs are adhering to their current estimation of the value of their case, which would allow Defendant to remove the case to federal court.

[3] Plaintiff will not again have the opportunity to defeat removal.  *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) (post-removal stipulation reducing amount in controversy to below the diversity statute's jurisdictional limit does not require remand to state court).